GEORGE F. ROBISON, PROSECUTING ATTORNEY, v. JUDGE OF RECORDER'S COURT OF DETROIT.

*Violation of act for protection of game—Penalty—Jurisdiction to try respondent—Recorder's court of Detroit.*

A party violating the provisions of How. Stat. § 2203 (for the protection of game), is deemed guilty of a misdemeanor, the only punishment for which is a penalty of $50, and imprisonment until such penalty is paid, not exceeding 30 days, of which cases the police court of the city of Detroit has jurisdiction, to the exclusion of the recorder's court of said city.

Application for *mandamus* to compel respondent to try a case arising under How. Stat. § 2203, for the protection of game. Submitted April 17, 1888. Denied April 25, 1888. The facts are stated in the opinion.

*George F. Robison,* in *pro. per.,* for relator.

CHAMPLIN, J. Section 2203, How. Stat., provides that any person who violates the provisions of the act for the protection of game shall be deemed guilty of a misdemeanor, and shall likewise be liable to a penalty of $50 for each offense, and shall, on conviction thereof, stand committed to the common jail of said county until such penalty is paid; provided that such imprisonment shall not exceed 30 days.

Relator is prosecuting attorney of Wayne county, and sets forth in his petition that on the seventh day of March, 1888, he caused to be filed in the recorder's court of the city of Detroit an information against Edward C. Fitzpatrick, charging him with a violation of section 2202, How Stat., in having in his possession, for the purpose of selling, on the twenty-third of December, 1887, and unlawfully exposing for sale, three pairs of pinnated grouse, otherwise called "Prairie Chickens;" that when said cause came on to be

tried the recorder refused to try the same, on the ground that the police court had exclusive jurisdiction to hear and try the cause, and that the recorder's court had no jurisdiction to try causes arising under said section.

That the police court refuses to try offenses arising under said section, for the reason that the justices thereof insist that the recorder's court is the only court in said county that has jurisdiction; that the result of said conflict of opinion between said recorder's court and the police court is to render such law entirely nugatory and inoperative in said city.

For the purpose of obtaining a construction of the law, he asks that a *mandamus* issue to compel the recorder to proceed to try said cause.

The conflict of opinion arises over section 2203, above mentioned; the justices of the police court holding to the opinion that the section provides for a double punishment, namely, that prescribed for the punishment of a misdemeanor where no other punishment is prescribed, which is beyond the jurisdiction of a police court to hear and determine, and the further penalty of $50, and, if not paid, to a commitment until paid, not exceeding 30 days.

We are clearly of opinion that such is not a correct construction of the statute. Whatever uncertainty there is in the section referred to is caused by the use of the word "likewise," which gives rise to the inference that the person guilty of a misdemeanor would be liable to the statutory punishment under section 9261, How. Stat., which provides:

" Every person who shall be convicted of a misdemeanor, the punishment of which is not otherwise prescribed by any statute, shall be punished by imprisonment in the county jail not more than one year, or by fine not exceeding two hundred and fifty dollars, or by both such fine and imprisonment."

The very terms of this section exclude the punishment therein mentioned from being inflicted under section 2203, for the reason that another punishment is prescribed by that

69 Mich.—59.

section.   The party offending is deemed guilty of a misde-
meanor;  but the punishment therefor, and the only punish-
ment that can be inflicted, is a penalty of $50, and a further
order that the convicted party shall be committed until the
penalty is paid, not exceeding 30 days.

It follows that the police court has, and the recorder's
court has not, jurisdiction to hear, try, and determine cases
for violating the first five sections of chapter 64, How. Stat.,
which includes the offense in question; and the *mandamus*
must be denied, without costs.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred.